**ARIZONA PUB. CO. v. O'NEIL et al.***

No. E–367.

District Court, D. Arizona.

Jan. 20, 1938.

Ellinwood & Ross, William A. Evans, and Denison Kitchel, all of Phœnix, Ariz., for plaintiff.

Joe Conway, Atty. Gen., and Allan K. Perry and J. B. Sumter, Assts. to Atty. Gen., for defendants.

Before MATHEWS, Circuit Judge, and SAMES and LING, District Judges.

MATHEWS, Circuit Judge.

This is a suit in equity by the Arizona Publishing Company, an Arizona corporation, against D. C. O'Neil, Thad M. Moore, and Frank Luke, who are citizens of Arizona and are members of and constitute

*Judgment affirmed 58 S.Ct. 950, 82 L.Ed. —.

the Tax Commission of said state. This court's jurisdiction is invoked upon the ground that the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000 and arises under the Constitution of the United States. Judicial Code § 24 (1), as amended, 28 U.S.C.A. § 41 (1). No other ground of jurisdiction is asserted.

The bill of complaint prays for interlocutory and permanent injunctions restraining defendants from enforcing against plaintiff an Arizona statute; Laws of 1935, Regular Session, c. 77, known as the Excise Revenue Act of 1935, upon the ground of its alleged unconstitutionality. Defendants move to dismiss the bill, upon the ground, among others, that it fails to state a cause of action within the jurisdiction of this court. Plaintiff's application for an interlocutory injunction and defendants' motion to dismiss the bill have been heard by and submitted to this court, constituted as provided in section 266 of the Judicial Code, as amended, 28 U.S.C.A. § 380.

The bill alleges that plaintiff was at all times therein mentioned, and is now, engaged in the business of publishing newspapers in the State of Arizona; that its income has been and is derived from subscriptions to said newspapers and from the sale of advertising space therein; that since the effective date of the Excise Revenue Act of 1935, "there have accumulated under the terms and provisions thereof taxes payable by plaintiff in an amount in excess of $3,000 which plaintiff has consistently refused and failed, and does now refuse and fail, to pay," upon the ground of the unconstitutionality of the act; that, notwithstanding such unconstitutionality, defendants, as members of and constituting the Tax Commission of Arizona, have demanded payment of said taxes, have threatened and are threatening to enforce, and unless enjoined will enforce, collection thereof from plaintiff, with interest and penalties, in the manner provided in the act; and that plaintiff will thereby suffer great and irreparable injury.

The act was approved on March 23, 1935, and became effective on May 1, 1935. Section 2 thereof reads, in part, as follows:

"Sec. 2. *Imposition of the Tax*. From and after the effective date of this act, there is hereby levied and shall be collected

by the tax commission for the purpose of raising public money to be used in liquidating the outstanding obligations of the state government and to aid in defraying the necessary and ordinary expenses of the same and to reduce or eliminate the annual tax levy on property for state purposes and to reduce the levy on property for public school education to the extent hereinafter provided, annual privilege taxes measured by the amount or volume of business done by the persons on account of their business activities, and in the amounts to be determined by the application of rates against values, gross proceeds of sales, or gross income, as the case may be, in accordance with the following schedule : * * *

"(c) At an amount equal to one per cent of the gross proceeds of sales or gross income from the business upon every person engaging or continuing within this state in the following businesses: * * *

"7. Publication of newspapers, magazines or other periodicals and publications, when published within this state including the gross income derived from subscriptions."

The business of publishing newspapers is but one of a great number of businesses listed in section 2. The tax is imposed on all. It is, in effect, a general sales tax.

Section 11 of the act provides that no person who shall have a gross income or gross proceeds of sales upon which a privilege tax is imposed by the act shall engage or continue in business until he shall have obtained from the Tax Commission, upon payment of a fee of $1, a license authorizing him to engage in or conduct such business, such license to be valid until revoked by the Commission. Although not stated in the bill, it was at the hearing stated by counsel for plaintiff and defendants that plaintiff had paid the fee and obtained the license provided in section 11, and that such license had not been revoked.

Section 13 of the act provides that taxes levied thereunder shall be due and payable monthly on or before the fifteenth day of the month next succeeding the month in which they accrue, and that any tax payer who fails to pay such tax within five days from its due date shall be subject to a penalty of 20 per cent. of the amount of the tax. Other sections of the act specify the procedure to be followed in the collection of such taxes and penalties.

■ The bill alleges that, as applied to plaintiff, the act "is unconstitutional, void and of no force or effect whatsoever for the reason that it is repugnant to and in direct conflict with the due process clause of the Fourteenth Amendment to the Constitution of the United States, in that it operates to abridge the freedom of the press guaranteed by the First Amendment to the Constitution of the United States and secured against State action by said Fourteenth Amendment, and for the further reason that it is in violation of section 6, article II of the Constitution of the State of Arizona," which provides: "Every person may freely speak, write, and publish on all subjects, being responsible for the abuse of that right."

Plaintiff's contention is not new. The same contention was made in Giragi v. Moore, 64 P.2d 819, 110 A.L.R. 314, and was by the Supreme Court of Arizona unanimously rejected. An appeal from that decision was dismissed by the Supreme Court of the United States "for the want of a substantial federal question." 301 U.S. 670, 57 S.Ct. 946, 81 L.Ed. 1334. With the views expressed by Judge Ross in the main opinion and by Judge Lockwood in his concurring opinion in the Giragi Case, we are in complete agreement. To repeat here what was said there would serve no useful purpose.

■ Since, in our opinion, the bill states no cause of action within the jurisdiction of this court, plaintiff's application for an interlocutory injunction is denied, and defendants' motion to dismiss the bill is granted.

Decree will be entered accordingly.