CITY OF TAMPA, a Municipal Corporation, v. TAMPA TIMES COMPANY, a corporation, and THE TRIBUNE COMPANY, a corporation.

15 So. (2nd) 612                               June Term, 1943
November 23, 1943                                    En Banc

*Alonzo B. McMullen* and *Ralph A. Marsicano,* for appellant.

*McKay, Macfarlane, Jackson & Ferguson, Howard P. Macfarlane* and *Frank P. Ingram,* for appellees.

ADAMS, J.:

The City of Tampa, by ordinance, imposed an annual license tax on newspapers as follows: for papers with less than ten thousand circulation $40.00, for ten thousand to thirty thousand $500.00, and for those in excess of thirty thousand $700.00. Appellees challenge the validity of the ordinance because it is discriminatory and it is not imposed with regard to any reasonable classification as required by the Fourteenth Amendment to the Constitution of the United States and Section 1 of the Declaration of Rights of the Constitution of Florida. The further objection is made that inasmuch as the classification is based solely upon circulation, it restrains the freedom of the press and is repugnant to the First and Fourteenth Amendments to the Constitution of the United States.

The case reaches this Court on appeal from a decree holding the ordinance bad. The answer to a single question may dispose of the case; i.e., may a license tax be upheld against a newspaper, when assessed on a graduated scale as here stated, based on the volume of circulation?

Appellees rest their case almost entirely on the authority of Grosjean v. American Press Co., 297 U.S. 233, 80 L. Ed. 660. Appellant seeks to distinguish the two cases and calls attention to the case of Giragi v. Moore, 64 P. (2nd) 819, 110 A.L.R. 314, wherein a license tax was upheld by the Arizona court. The Arizona statute was later attacked in the federal court resulting in the state court's decision being upheld. Arizona Pub. Co. v. O'Neil, et al., 22 F. Supp. 117. The latter decision was affirmed by the Supreme Court of the United States. Arizona Pub. Co. v. O'Neil, et al., 304 U.S. 543. We

are not impressed with the effect of the decisions based on the Arizona statute because the tax was not regulated by the volume of circulation, but instead was based upon the gross income of the paper.

It would serve no useful purpose to cite other authorities inasmuch as we have concluded that the decision in this case is controlled by Grosjean v. American Press Co., supra. We cannot say that the tax levied here is arbitrary, unreasonable or was actuated by anything other than good motive, however we rest our decision solely upon the proposition that any license tax based on volume of circulation and graduated by scale as is here presented is void as impairing the freedom of the press guaranteed by the Fourteenth Amendment to the United States Constitution.

The decree appealed from is affirmed.

BUFORD, C. J., TERRELL, BROWN, CHAPMAN, THOMAS and SEBRING, JJ., concur.